United States District Court
Southern District of Texas
FILED

MAY 19 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN ALBERTO MARTINEZ MORALES,<br><br>Petitioner,<br><br>VS.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. 7:21-CV-0020 |

## REPORT AND RECOMMENDATION

Petitioner JUAN ALBERTO MARTINEZ MORALES, a state prisoner proceeding pro se, has filed an application to proceed in forma pauperis on appeal from the recent dismissal of his petition for writ of habeas corpus. (Dkt. Nos. 30, 31). The application was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis on appeal (Dkt. Nos. 30, 31) be DENIED and that the District Judge certify that the appeal of this case is not taken in good faith.

## I. BACKGROUND

Petitioner initiated this case by filing a habeas petition together with an application to proceed in forma pauperis. The application included an affidavit of indigency (Dkt. No. 3) and a certified copy of Petitioner's prisoner trust fund account statement (Dkt. No. 4). Finding that Petitioner was unable to afford the filing fee, the Magistrate Judge granted the application, such that Petitioner was allowed to proceed in forma pauperis. (Dkt. No. 5).

Subsequently, the Magistrate Judge issued a report and recommendation for the dismissal of Petitioner's claims on the basis that they were unexhausted, procedurally defaulted, non-cognizable, or otherwise meritless. (Dkt. No. 14). The Magistrate Judge also recommended that a certificate of appealability ("COA") be denied. (*Id.* at 35-36). A petitioner may not appeal a habeas proceeding "[u]nless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1)(A). In recommending the denial of a COA, the Magistrate Judge concluded that Petitioner failed to show that reasonable jurists would find it debatable "whether the petition state[d] a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." (Dkt. No. 14 at 36 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

On March 31, 2022, the District Judge adopted the report and recommendation (Dkt. No. 25) and issued an order of dismissal (Dkt. No. 26), thereby denying the issuance of a COA.

Petitioner filed a notice of appeal dated April 25, 2022 (Dkt. No. 29) together with the pending application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure (Dkt. Nos. 30, 31).[1] The application includes an updated, certified copy of Petitioner's prisoner trust fund account statement. (Dkt. No. 31). The statement reflects a balance of $0 and no banking activity for the last six months.

## II. LEGAL STANDARDS

A prisoner seeking to appeal a civil judgment must file an affidavit of indigency together with a certified copy of their prisoner trust fund account statement for the six-month period preceding their notice of appeal. *See* 28 U.S.C. § 1915(a)(1), (2); *see also* Fed. R. App. P. 24(a)(1)(A). Through the affidavit, the prisoner must claim an entitlement to redress. 28 U.S.C.

---

[1] Petitioner also filed a motion, directed to the court of appeals, for enlargement of time to apply for a COA. (Dkt. No. 27). Where the district court denies the issuance of a COA, an appellant may then request that it be issued by the court of appeals. *See* Fed. R. App. P. 22(b)(1), (2).

§ 1915(a)(1); Fed. R. App. P. 24(a)(1)(B). They must also state the issues to be presented on appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(C).

Where a prisoner was permitted to proceed in forma pauperis for purposes of the district court action, they may usually proceed on appeal in forma pauperis without further authorization. *See* Fed. R. App. P. 24(a)(3).

This general rule, however, is subject to exception. Pursuant to § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Rule 24(a)(3) imposes a similar restriction where "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]" Fed. R. App. P. 24(a)(3).

An appeal is not taken in good faith if it fails to present a non-frivolous issue. *See Chapa v. Ingram*, 116 F. App'x 476, 478 (5th Cir. 2004) (per curiam) (citing *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). The determination of whether good faith exists is limited to whether the appeal involves legal points arguable on their merits and therefore not frivolous. *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard*, 707 F.2d at 220) (quotations and parentheses omitted).

### III. ANALYSIS

Because he was previously allowed to proceed in forma pauperis, Petitioner is not required to specify the issues for appeal beyond the judgment from which the appeal is taken. *See* Fed. R. App. P. 3(c)(1)(B), (c)(4); *see also* Fed. R. App. P. 24(a)(3). Nevertheless, the Magistrate Judge concludes that his application to proceed in forma pauperis on appeal should be denied because any appeal would not be taken in good faith. As discussed in the report and recommendation,

which was adopted by the District Judge, all of Petitioner's claims are unexhausted, procedurally defaulted, non-cognizable, or otherwise meritless. A COA was denied insofar as it was not debatable whether these rulings were correct. Similarly, in terms of good faith, any appeal would not present any arguable issues, and, therefore, cannot be described as non-frivolous.

## IV. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis on appeal (Dkt. Nos. 30, 31) be DENIED and that the District Judge certify that the appeal of this case is not taken in good faith.[2]

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 19th day of May 2022.

J. SCOTT HACKER
United States Magistrate Judge

---

[2] Where the district court certifies that an appeal is not taken in good faith, an appellant may then either pay the full filing fee and costs for an appeal or contest the certification decision by filing a motion for leave to proceed in forma pauperis with the court of appeals. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).